**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| YURI KOLBASYUK, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>CAPITAL MANAGEMENT SERVICES, LP<br><br>Defendants. | **CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT**<br>**AND**<br>**DEMAND FOR JURY TRIAL** |

Plaintiff YURI KOLBASYUK (hereinafter, "Plaintiff"), a New York resident, brings this class action complaint by and through his attorneys, Daniel Cohen, PLLC, against Defendants CAPITAL MANAGEMENT SERVICES, LP (hereinafter "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1. Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws . . . [we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using

abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, *id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201.  If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of New York consumers seeking redress for Defendant's actions of using an unfair and unconscionable means to collect a debt.

6. Defendant's actions violated § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

7. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

8. Plaintiff is a natural person and a resident of the State of New York, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

9. Defendant is a collection agency with an office maintained in Buffalo, New York.

10. Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

11. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## CLASS ALLEGATIONS

12. Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP") Rule 23, individually and on behalf of the following consumer class (the "Class"):

- All New York consumers who received a collection Letter from Defendant attempting to collect an obligation owed to or allegedly owed to Barclays Bank Delaware, that contains the alleged violation arising from Defendant's failure to adequately advise the consumer of the amount of debt in violation of 15 U.S.C. §1692e, *et seq*.

- The Class period begins one year to the filing of this Action.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection Letter and/or notices from Defendant that fail to adequately advise the consumer of the amount owed in violation of the FDCPA. Plaintiff is complaining of a standard form Letter and/or notice that is sent to hundreds of persons (*See* Exhibit A, except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a.   Whether Defendant violated various provisions of the FDCPA;

    b.   Whether Plaintiff and the Class have been injured by Defendant's conduct;

  c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

  d. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If

- Defendant's conduct is allowed to proceed without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

**ALLEGATIONS OF FACT PARTICULAR TO YURI KOLBASYUK**

14. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "13" herein with the same force and effect as if the same were set forth at length herein.

15. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and Internet.

16. Upon information and belief, within the last year Defendant commenced efforts to collect an alleged consumer "debt" as defined by 15 U.S.C. 1692a(5), when it mailed a Collection Letter to Plaintiff seeking to collect on an unpaid account allegedly owed to Barclays Bank Delaware.

17. On or about July 21, 2017, Defendant sent Plaintiff a collection letter (the "Letter"). *See* Exhibit A.

18. The Letter was sent or caused to be sent by persons employed by Defendant as a "debt collector" as defined by 15 U.S.C. §1692a(6).

19. The Letter is a "communication" as defined by 15 U.S.C. §1692a(2).

20. The Letter was an initial communication between Plaintiff and Defendant.

21. The Letter states in pertinent part:

    "*As of the date of this letter, you owe $5918.69. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check.*"

22. As a result of the following Counts Defendant violated the FDCPA.

**First Count**
**15 U.S.C. §1692g**
**Failure to Adequately and Honestly Convey the Amount of the Debt**

23. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "22" herein with the same force and effect as if the same were set forth at length herein.

24. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

25. 15 U.S.C. § 1692g(a)(1) requires the written notice provide "the amount of the debt."

26. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must convey the amount of the debt clearly and accurately from the perspective of the least sophisticated consumer.

27. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must state whether interest, late fees and/or other fees are accruing.

28. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must allow the least sophisticated consumer to determine the minimum amount he or she owes at the time of the notice.

29. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must allow the least sophisticated consumer to determine what he or she will need to pay to resolve the debt at any given moment in the future.

30. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must contain an explanation, understandable by the least sophisticated consumer, of any fees or interest that may cause the balance to increase at any time in the future.

31. The failure to include the foregoing information renders an otherwise accurate statement of the "amount of the debt" violative of 15 U.S.C. § 1692g(a)(1).

32. The Letter failed to inform Plaintiff whether the amount listed is the actual amount of the debt due.

33. The Letter failed to inform Plaintiff whether the amount listed already includes "interest."

34. The Letter failed to inform Plaintiff whether the amount listed already includes "other charges."

35. The Letter failed to advise Plaintiff what portion of the amount listed is principal.

36. The Letter failed to inform Plaintiff whether the amount listed will increase.

37. The Letter failed to inform Plaintiff what "other charges" might apply.

38. The Letter failed to inform Plaintiff if "other charges" are applied, when such "other charges" will be applied.

39. The Letter failed to inform Plaintiff if "other charges" are applied, what the amount of those "other charges" will be.

40. The Letter failed to inform Plaintiff of the nature of the "other charges."

41. The Letter failed to inform Plaintiff if there is "interest," what the amount of the accrued interest will be.

42. The Letter failed to inform Plaintiff if there is "interest," when such interest will be applied.

43. The Letter failed to inform Plaintiff if there is "interest," what the interest rate is.

44. The Letter failed to inform Plaintiff if there is "interest," the amount of money the amount listed will increase per day.

45. The Letter failed to inform Plaintiff if there is "interest," the amount of money the amount listed will increase per week.

46. The Letter failed to inform Plaintiff if there is "interest," the amount of money the amount listed will increase per month.

47. The Letter failed to inform Plaintiff if there is "interest," the amount of money the amount listed will increase per any measurable period.

48. The Letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the amount of his or her debt.

49. The least sophisticated consumer could reasonably believe that the debt could be satisfied by remitting the listed amount as of the date of the letter, at any time after receipt of the letter.

50. The least sophisticated consumer could reasonably believe that the amount listed was accurate only on the date of the Letter.

51. If interest is continuing to accrue, the least sophisticated consumer would not know the amount of the debt because the letter fails to indicate the applicable interest rate.

52. If interest is continuing to accrue, the least sophisticated consumer would not know the amount of the debt because the letter fails to indicate what the amount of the accrued interest will be.

53. If interest is continuing to accrue, the least sophisticated consumer would not know the amount of the debt because the letter fails to indicate when such interest will be applied.

54. If interest is continuing to accrue, the least sophisticated consumer would not know the amount of the debt because the letter fails to indicate the amount of money the amount listed will increase at any measurable period.

55. If "other charges" are continuing to accrue, the least sophisticated consumer would not know the amount of the debt because the letter fails to indicate the nature of the "other charges."[1]

---

[1] *Carlin v. Davidson Fink LLP*, 852 F.3d 207 (2d Cir. 2017), *Balke v. All. One Receivables Mgmt.*, No. 16-cv-5624(ADS)(AKT), 2017 U.S. Dist. LEXIS 94021, at *14 (E.D.N.Y. June 19, 2017) ("[T]he Collection Letter in this case refers with vagueness to "accrued interest or other charges," without providing any information regarding the rate of interest; the nature of the "other charges"; how any such charges would be calculated; and what portion of the balance due, if any, reflects already-accrued interest and other charges. By failing to provide even the most basic level of specificity in this regard, the Court "cannot say whether those amounts are properly part of the amount of the debt," for purposes of section 1692g.Carlin, 852 F.3d at 216. Further, as set forth in *Carlin*, without any clarifying details, the Collection Letter states only that these unspecified assessments may be added to the balance due, which the Court finds to be insufficient to "accurately inform[ ] the [Plaintiff] that the amount of the debt stated

56. The letter failed to advise Plaintiff that if Plaintiff pays the amount listed, an adjustment may be necessary after Defendant receives payment.

57. The letter failed to advise Plaintiff that if Plaintiff pays the amount listed, Defendant will inform Plaintiff of the balance difference before depositing payment.

58. The Defendant's failures are purposeful.

59. In order to induce payments from consumers that would not otherwise be made if the consumer knew the true amount due, Defendant does not inform the consumer what "other charges" might apply.

60. In order to induce payments from consumers that would not otherwise be made if the consumer knew the true amount due, Defendant does not inform the consumer when such "other charges" will be applied.

61. Defendant failed to clearly and unambiguously state the amount of the debt, in violation of 15 U.S.C. § 1692g(a)(1).

62. The Letter would likely make the least sophisticated consumer uncertain as to the amount of the debt, in violation of 15 U.S.C. § 1692g(a)(1).

63. The Letter would likely make the least sophisticated consumer confused as to the amount of the debt, in violation of 15 U.S.C. § 1692g(a)(1).

64. Defendant's conduct violated 15 U.S.C. §§ 1692g(a)(1) and 1692e.

65. Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

66. Plaintiff suffered actual harm by being the target of the Defendant's misleading debt collection communications.

---

in the letter will increase over time.") consumer knew the true amount due, Defendant does not inform the consumer whether the amount listed will increase.

67. Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

68. Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

69. Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

70. Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

71. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived him of his right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

72. These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

73. Plaintiff seeks to end these violations of the FDCPA. Plaintiff has suffered damages including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment. Plaintiff and putative class members are entitled to preliminary and permanent injunctive relief, including, declaratory relief, and damages.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

    (a)    Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and Daniel Cohen, PLLC, as Class Counsel;

    (b)    Awarding Plaintiff and the Class statutory damages;

    (c)    Awarding Plaintiff and the Class actual damages;

    (d)    Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

    (e)    Awarding pre-judgment interest and post-judgment interest; and

    (f)    Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Respectfully submitted,

By: /s/ Daniel Cohen
Daniel Cohen, Esq.
Daniel Cohen, PLLC
300 Cadman Plaza W, 12th floor
Brooklyn, New York 11201
Phone: (646) 645-8482
Fax:     (347) 665-1545
Email: Dan@dccohen.com
*Attorneys for Plaintiff*

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

*/s/ Daniel Cohen*
Daniel Cohen, Esq.

Dated:   Brooklyn, New York
            December 26, 2017