

February 5, 2018

**BY ECF**
Honorable Judge Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:    <u>*Yuri Kolbasyuk v. Capital Management Services, LP; Case No. 1:17-cv-07499*</u>

To the Honorable Judge Cogan,

This firm represents the Plaintiff. We submit this joint letter and proposed Case Management Plan on behalf of all parties in anticipation of the February 9, 2018, 12:15 p.m., Initial Pre-trial Conference.

1. <u>Brief Description of the case</u>

<u>Plaintiff</u>:   This lawsuit concerns whether Defendant is violating the Fair Debt Collection Practices Act. Plaintiff maintains that Defendant is in violation by not adequately informing him whether fees are continuing to accrue on his account with Barclays Bank, and if so, the rate of same. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA, and the alleged debt arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 et seq. and 28 U.S.C. § 2201.

By way of background, Plaintiff Kolbasyuk received a collection letter (the "Letter") dated July 21, 2017.  The Letter violates the FDCPA based on a recent Second Circuit case, *Carlin et al. v. Davidson Fink LLP*, No. 15-3105-cv (2nd Cir., Mar. 29, 2017). According to the *Carlin* court, the key consideration is whether the letter provides the unsophisticated consumer with "the basis for [calculating accruing] fees and costs." See *id*. (Emphasis added). The consumer must be afforded the opportunity to calculate what amounts or fees may be owed in the future; a general statement that the balance will increase fails the test.

The letter here runs afoul of *Carlin*, as it provides no method for the consumer to calculate the future balance due to accruing charges. Specifically, it states only that:

 "As of the date of this letter, you owe $5918.69. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence,

if you pay the amount shown above, an adjustment may be necessary after we receive your check."

The Plaintiff could only guess as "to what the unaccrued fees are or how they are calculated," because he "[could not] deduce that information from the statement." *Carlin*, 852 F.3d 207. The letter does not even provide the rate of interest or the method of calculating the interest (e.g., daily, weekly, monthly, etc.). Because the Letter did not provide the consumer with a method to calculate his future balance, it violates the FDCPA as a matter of law.

<u>Defendant</u>:  This case is the latest in the long string of lawsuits borne out of *Avila v. Riexinger & Assocs., LLC*, 817 F.3d 72 (2d Cir. 2016).   Plaintiff alleges defendant, Capital Management Services, LP ("CMS"), sent her a collection letter that violates Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692*, et seq*., because of a purported deficiency in its collection letter interest and fee disclosure.  Plaintiff's complaint is based a CMS letter that discloses, **<u>*verbatim*</u>**, that interest and fees may continue to accrue on the debt using the  "safe harbor" endorsed by the Second Circuit in *Avila*.  Plaintiff argues that CMS's disclosure is nevertheless insufficient because it does not detail the amount, rate, and method of calculation accruing interest and fees.  Plaintiff is wrong.

Specifically, CMS' subject letter, which plaintiff attaches to the complaint, states in pertinent part:

> As of the date of this letter, you owe $3,467.62.  Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater.  Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection.  For more information, write the undersigned or call 1-877-335-6949.

See ECF 1-1.  **This is the <u>verbatim</u> "safe harbor" language endorsed by the Second Circuit when interest or fees may be added to a debt in the future.**  See *Avila,* 817 F.3d at 77.

The Second Circuit in *Avila* was explicitly clear and unambiguous.  "We hold that a debt collector will not be subject to liability under Section 1692e for failing to disclose that the consumer's balance may increase due to interest and fees if the collection notice [] accurately informs the consumer that the amount of the debt stated in the letter will increase over time . . ." *Id*.  The Second Circuit in *Avila* certainly did not conclude, or even suggest, that the disclosure must detail the amount and rate of interest or fees continuing to accrue on the debt. *Id*.

Indeed, as Your Honor recently explained, "the *Avila* decision, in creating its safe-harbor provision, does not require the debt collector to disclose the *amount* of continually accruing interest and fees.  Recognizing that this would be a moving target as interest accrues at specified intervals and amounts, the Second Circuit's safe harbor only requires the collection company to say that there 'may be' such fees." *Islam v. American Recovery Servs. Inc.*, 2017 WL 4990570, *3 (E.D. N.Y. Oct. 31, 2017) (emphasis in original).

Plaintiff alleges, however, that regardless of what the Second Circuit held in *Avila*, debt collectors must actually "disclose the *amount* of continually accruing interest and fees," *see id*., based on plaintiff's misreading of a different Second Circuit decision, *Carlin v. Davidson Fink*

*LLP*, 852 F.3d 207 (2d Cir. 2016). In *Carlin*, the Second Circuit found that, when the amount listed in the collection letter includes ***estimated*** interest and fees not yet incurred, the debt collector must clarify how it such estimated interest and are calculated. *Carlin* applies when the debt collector includes estimated interest, fees, or charges in the listed balance, *e.g.*, a payoff statement. *Avila* applies when the collection letter simply provides the balance as of the date of the letter, where interest and fees are continuing to accrue on the debt. Here, CMS's letter is not a payoff statement. It does not include any estimated interest or fees. CMS's letter simply provides the balance as of the date of the letter and states that interest and fees may continue to accrue, by using the disclosure, verbatim, endorsed by the Second Circuit. *Avila*, not *Carlin*, controls, and CMS' letter complies with *Avila* to a "t."

In short, CMS' letter fully complies with, and provides all of the detail required by, the FDCPA and the Second Circuit in *Avila*. CMS' letter includes the safe harbor endorsed by the Second Circuit in *Avila*. Plaintiff's attempt to manufacture a purported FDCPA violation by reading a new requirement into the FDCPA that does not exist is without legal basis and should be rejected.

2. Contemplated Motions
   Plaintiff: Following the close of discovery, Plaintiff anticipates moving for summary judgment and Rule 23(a) and (b) class certification.

   Defendant: Defendant anticipates filing a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Defendant will file its pre-motion conference letter pursuant to Your Honor's practice rules by February 7, 2018, its deadline to respond to the complaint.

3. Prospect for Settlement
   Plaintiff: Given the case law on this issue, Plaintiff believes the case is ripe for early resolution. While Plaintiff has reached out regarding settlement, Defendant has yet to express interest in early resolution.

   Defendant: Defendant anticipates filing a Motion to Dismiss and contends this matter should be dismissed for failure to state a claim, rather than settled.

Respectfully submitted,

Daniel Cohen, Esq.

Enclosure

Cc: Kirsten Smith (Via ECF)