

KIRSTEN H. SMITH<br>
Direct: (504) 846-7943<br>
ksmith@sessions.legal

February 7, 2018

<u>Via ECF</u>
The Honorable Brian M. Cogan
United States District Judge
United States District Court
Eastern District of New York

    Re:   *Yuri Kolbasyuk v. Capital Management Services, LP, EDNY No. 17-cv-07499*
            **Capital Management Services, LP's Pre-Motion Conference Letter Regarding its Proposed FED. R. CIV. P. 12(b)(6) Motion to Dismiss**

Dear Judge Cogan:

    **SESSIONS, FISHMAN, NATHAN & ISRAEL** represents defendant, Capital Management Services, LP ("CMS") in the referenced lawsuit. CMS respectfully requests a pre-motion conference to discuss its proposed FED. R. CIV. P. 12(b)(6) Motion to Dismiss the complaint filed by plaintiff, Yuri Kolbasyuk.

## INTRODUCTION AND BACKGROUND

    This case one of the numerous lawsuits borne out of *Avila v. Riexinger & Assocs., LLC*, 817 F.3d 72 (2d Cir. 2016), and its progeny. Plaintiff alleges CMS sent her a collection letter that violates Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, due to a purported deficiency in its interest and fee disclosure.

    Specifically, plaintiff's claims are based on a July 21, 2017 letter from CMS that discloses interest and fees may continue to accrue on the debt, by using the verbatim "safe harbor" endorsed by the Second Circuit in *Avila*. The letter states in pertinent part:

> As of the date of this letter, you owe $5918.69. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For more information, write the undersigned or call 1-877-335-6949.

*See* ECF 1-3. This is the ***exact*** "safe harbor" language the Second Circuit advised debt collectors to use when interest or fees may be added to a debt in the future. *See Avila*, 817 F.3d at 77.

    Notwithstanding CMS's use of the exact language endorsed by the Second Circuit in *Avila*, plaintiff claims CMS's letter violates the FDCPA because it did not provide ***more*** information than

Lakeway Two   Suite 200   3850 North Causeway Boulevard   Metairie, Louisiana   70002-7227
(504) 828-3700   (504) 828-3737 F   www.sessions.legal

CALIFORNIA • COLORADO • FLORIDA • GEORGIA • ILLINOIS • LOUISIANA • NEW JERSEY • NEW YORK • OHIO • PENNSYLVANIA • TEXAS

**SESSIONS FISHMAN NATHAN & ISRAEL**
ATTORNEYS AT LAW

*Yuri Kolbasyuk v. Capital Management Services, LP*, EDNY Case No. 1:17-cv-07499-BMC
Capital Management Services, LP's Pre-Motion Conference Letter re: Proposed Motion to Dismiss
February 7, 2018 – Page 2

what the Second Circuit said is necessary. Specifically, plaintiff alleges CMS was also required to detail the amount of principal and fees comprising her current account balance, and further explain the amount and rate of any accruing interest, fees, or charges. Plaintiff is wrong.

As Your Honor recently explained, "the *Avila* decision, in creating its safe-harbor provision, does not require the debt collector to disclose the *amount* of continually accruing interest and fees. Recognizing that this would be a moving target as interest accrues at specified intervals and amounts, **the Second Circuit's safe harbor only requires the collection company to say that there 'may be' such fees**." *Islam v. American Recovery Servs. Inc.*, 2017 WL 4990570, *3 (E.D. N.Y. Oct. 31, 2017) (emphasis added).

Plaintiff fails to state a claim under the FDCPA against CMS. The Court should dismiss her complaint.

## LAW AND ARGUMENT

### A. *CMS' Letter Complies with the FDCPA by Providing the Balance as of the Date of the Letter and Disclosing that Interest and Fees May Continue to Accrue Using the <u>Exact</u> Safe Harbor Disclosure Endorsed by the Second Circuit in Avila*

Plaintiff claims that the FDCPA requires CMS to provide "an explanation, understandable by the least sophisticated consumer, of any fees or interest that may cause the balance to increase at any time in the future," including, *inter alia*, the "amount," "rate," and "nature" of any interest or fees that may be added to the debt per day, week, and month. *See* ECF 1, ¶¶ 30-47.

The actual text of the FDCPA, however, does ***not*** require such detailed disclosures. Section 1692g expressly sets forth the disclosures a debt collector must make in its initial communication with a consumer, and it merely requires a debt collector to state "the amount of the debt," *i.e.*, the balance on the date the letter is sent. Section 1692e only requires a debt collector to refrain from making "false, deceptive, or misleading" statements about a debt. In fact, plaintiff does *not* assert that the amount of the debt, interest, and/or fees listed in CMS's letter were *inaccurate*. She merely argues that CMS must provide her with *more* information than the statute expressly requires.

However, the Second Circuit has already ruled such detailed disclosures concerning the amount and rate of interest and fees are unnecessary. In *Avila*, the Second Circuit concluded that, when interest and fees are accruing on a debt, a debt collector is not subject to FDCPA liability for failing to disclose that interest and fees may continue to accrue by using a "safe harbor" disclosure, such as the disclosure used specifically approved by the Second Circuit and used verbatim by CMS. *See Avila*, 817 F.3d at 77. Moreover, the Second Circuit in *Avila* affirmatively rejected the argument that a debt collector must include detailed information concerning the amount and rate of interest and fees accruing on the debt, noting that while such detailed information may, in some cases, be preferable, it is not required. *Id.*

**SESSIONS FISHMAN NATHAN & ISRAEL**
ATTORNEYS AT LAW

*Yuri Kolbasyuk v. Capital Management Services, LP*, EDNY Case No. 1:17-cv-07499-BMC
Capital Management Services, LP's Pre-Motion Conference Letter re: Proposed Motion to Dismiss
February 7, 2018 – Page 3

      CMS's letter lists the amount of the debt as of the date of the letter and disclosing that interest and fees may be added using the exact disclosure endorsed by the Second Circuit in *Avila*. Plaintiff's argument that a debt collector violates the FDCPA by not providing additional detail about the amount, rate, and nature of the interest and fees was affirmatively rejected by the Second Circuit and should be rejected by this Court.

### B. *Carlin v. Davidson Fink LLP is Neither Applicable nor Controlling*

      Plaintiff claims that regardless of what the Second Circuit held in *Avila*, debt collectors must actually disclose the *amount* of continually accruing interest and fees based on her misreading of a different Second Circuit decision, *Carlin v. Davidson Fink LLP*, 852 F.3d 207 (2d Cir. 2016). In *Carlin*, the Second Circuit was called upon to consider an entirely different type of letter – a payoff statement that listed the *future* balance of the debt based on *estimated* interest and fees *not yet incurred*. *Carlin*, 852 F.3d at 211. The Second Circuit determined that, if the letter provides an estimate of the future balance of the debt based on estimated interest and fees not yet incurred, the debt collector must provide more than the *Avila* disclosures; in those cases, it must breakdown the *estimated* fees and charges to the consumer. *Id.* at 216.

      Simply, *Avila* applies when the collection letter simply gives the balance as of the date of the letter and states that interest and fees may accrue on the debt. *Carlin* applies when the debt collector lists the future balance of the debt based on *estimated* interest, fees, or charges, *e.g.*, a payoff statement. Indeed, the Second Circuit in *Carlin* expressly distinguished between the two scenarios: "We are not ignorant of the safe-harbor statement we formulated in *Avila*. . . . However, the Payoff Statement [in *Carlin*] only expresses that the Total Amount Due *may* include *estimated* fees and costs." *Id.* at 216-17 (emphasis in original).

      Here, CMS's letter simply provides the balance as of the date of the letter, without any estimated or future interest or fees, and states that interest and fees may accrue by using, verbatim, the safe harbor endorsed by the Second Circuit. *Avila* controls, and CMS' letter unquestionably complies with the standard set out by the Second Circuit in *Avila*.

### CONCLUSION

      CMS' letter complies with the FDCPA; CMS therefore respectfully requests a pre-motion conference to discuss its proposed FED. R. CIV. P. 12(b)(6) Motion to Dismiss.

      Very truly yours,

      Kirsten H. Smith
      **SESSIONS, FISHMAN, NATHAN & ISRAEL**
      *Counsel for Defendant,*
      *Capital Management Services, LP*

cc:    Daniel C. Cohen, Esq. (via ECF)

\\sfni-fs01\prolawdocs\9926\9926-43924\kolbasyuk, yuri\2832706.docx