UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                            :
YURI KOLBASYUK,                                             :
                                                            :
                                    Plaintiff,              :    **MEMORANDUM**
                                                            :    **DECISION & ORDER**
                - against -                                 :
                                                            :    17-CV-07499 (BMC)
CAPITAL MANAGEMENT SERVICES, LP,                            :
                                                            :
                                    Defendant.              :
                                                            :
----------------------------------------------------------- X

**COGAN**, District Judge.

Plaintiff brings this putative class action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, alleging that defendant sent a debt collection letter, which was its initial communication, that failed to provide a true and accurate statement of the amount he owed, as required by 15 U.S.C. § 1692g. In relevant part, the letter adopted the "safe harbor" language endorsed by the Second Circuit in Avila v. Riexinger & Assocs., LLC, 817 F.3d 72 (2d Cir. 2016), stating:

> As of the date of this letter, you owe $5918.69. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection.

In opposing defendant's instant motion to dismiss, plaintiff relies on a more recent Second Circuit decision, Carlin v. Davidson Fink LLP, 852 F.3d 207 (2d Cir. 2017), that he claims outlined specific items that debt collection letters must contain to pass muster under the FDCPA. Plaintiff contends that Carlin clarifies and expands upon the requirements the Second Circuit announced in Avila.

"The FDCPA was passed to protect consumers from deceptive or harassing actions taken by debt collectors." Kropelnicki v. Siegel, 290 F.3d 118, 127 (2d Cir. 2002). It is construed liberally to achieve its legislative purpose. See Vincent v. The Money Store, 736 F.3d 88, 98 (2d Cir. 2013). In considering alleged violations of the FDCPA, courts ask how a "least sophisticated consumer" would interpret a disputed notice. Carlin, 852 F.3d at 216. The standard "protects the naïve and the credulous," while "preserv[ing] the concept of reasonableness." Clomon v. Jackson, 988 F.2d 1314, 1319 (2d Cir. 1993). But the least sophisticated consumer is not cognitively impaired. "[E]ven the least sophisticated consumer can be presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care." Greco v. Trauner, Cohen & Thomas, L.L.P., 412 F.3d 360, 363 (2d Cir. 2005) (internal quotations omitted).

The instant case attracts two statutory provisions. First, pursuant to § 1692g(1) of the FDCPA:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –
> the amount of the debt . . .

15 U.S.C. § 1692g(1). "Section 1692g concerns only the disclosures related to a consumer's need to verify a debt . . . ." Avila, 817 F.3d at 76.

Second, § 1692e operates as a "backstop," providing that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." In the context of communications, § 1692e ensures that a collection notice is not misleading. See Avila, 817 F.3d at 76.

Section 1692g lists the minimum disclosures required in an initial communication. Those disclosures must also comply with § 1692e. In other words, although § 1692g obligates a debt collector to disclose the amount of debt owed, the debt collector's recital of that amount must also satisfy § 1692e's requirement to not be misleading by, for instance, omitting accruing fees and interest. "The two sections have different aims, and compliance with Section 1692g does not guarantee compliance with Section 1692e, which always applies in connection with the collection of any debt by a debt collector." Id.

In Avila, the Second Circuit was confronted with two letters which stated the debtors' current balances, but "did not disclose that [the] balance was continuing to accrue interest or that, if plaintiffs failed to pay the debt within a certain amount of time, they would be charged a late fee." 817 F.3d at 74. The Court held that the letters were misleading because the debtors could believe that paying the listed balance would satisfy the debts, when in fact interest was accruing and therefore the total amounts due were increasing. Avila held that "the FDCPA requires debt collectors, when they notify consumers of their account balance, to disclose that the balance may increase due to interest and fees." Id. at 76.

The Avila Court adopted as "safe-harbor" language text from Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C., 214 F.3d 872 (7th Cir. 2000), holding that a debt collector who used that language when seeking to recover debts where the amount varies from day to day, would "not be subject to liability under Section 1692e for failing to disclose that the consumer's balance may increase due to interest and fees." Avila, 817 F.3d at 77. The safe-harbor language reads:

> As of the date of this letter, you owe $____ [the exact amount due]. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in

> which event we will inform you before depositing the check for collection. For further information, write the undersigned or call 1–800–[phone number].

Id.

Carlin dealt with a different problem than Avila: in Carlin, 852 F.3d at 211, the disputed letter listed an *estimated* amount due. The Carlin letter stated that the total amount due "included unspecified fees, costs, additional payments, and/or escrow disbursements that were not yet due at the time the statement was issued." Id. at 215. It therefore "omit[ted] information allowing the least sophisticated consumer to determine the minimum amount she owes at the time of the notice, what she will need to pay to resolve the debt at any given moment in the future, and an explanation of any fees and interest that will cause the balance to increase." Id. at 216.

As required by § 1692g, defendant's letter stated the amount plaintiff owed as of its date. In addition, using the Avila safe-harbor language, it stated that the amount owed may increase due to interest and fees.

Plaintiff argues that under Carlin, the letter here violates § 1692g because it fails to list how interest and other charges are added to plaintiff's account, in what amounts, at what percentage rate, and how often such additional costs are assessed. There is, however, a key distinction between the letter in Carlin and the letter at issue here. Carlin addresses what a letter needs to do when it does not state the minimum amount owed. Carlin does not add on additional requirements if the letter already states the minimum amount due, rather than an estimate. That is precisely what defendant's letter did.

Plaintiff alternatively argues that Carlin and Avila "cover different stages in the collection process." He suggests that "[a]t the commencement of collections, consumers must be truthfully informed of the amount of the debt," with the detail required by Carlin, and that "[i]n subsequent communications, the more general safe harbor language from Avila [offers]

4

sufficient[] protect[ion]." But this is not so. The two decisions address different shortcomings in different letters, and do not prescribe parallel requirements for discrete stages of the debt collection process.

## CONCLUSION

Defendant's motion to dismiss [10] is granted. The Clerk of Court is directed to enter judgment dismissing the case.

**SO ORDERED.**

                                                                      U.S.D.J.

Dated: Brooklyn, New York
       April 14, 2018